IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| TRAVIS DEWAYNE DUKE and<br>AMY MARIE DUKE, | )<br>)<br>) | |
| Appellants, | ) | Civil Case No. 08-520-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| TRANS UNION LLC, | ) | |
| | ) | |
| Appellee. | )<br>) | |

Justin M. Baxter
Baxter & Baxter, LLP
8835 S. W. Canyon Lane, Suite 130
Portland, Oregon 97225-3429

Keith D. Karnes
Olsen Olsen & Daines
1599 State Street
P. O. Box 12829
Salem, Oregon 97309

    Attorneys for Appellants

Page 1 - OPINION AND ORDER

Donald E. Bradley
Musick Peeler & Garrett, LLP
650 Town Center Drive, Suite 1200
Costa Mesa, California  92626

Mary Jo Heston
Lane Powell, PC (Seattle)
1420 Fifth Avenue, Suite 4100
Seattle, Washington  98101-2338

      Attorneys for Appellee

KING, Judge:

Plaintiffs Travis Dewayne Duke and Amy Marie Van Horn, f/k/a Amy Marie Duke, filed a Statement of Election under 28 U.S.C. § 158(c) to have their appeal of the bankruptcy court's <u>Order Granting Motion to Dismiss of Defendant Trans Union LLC</u> heard by the District of Oregon.  For the following reasons, I affirm the bankruptcy court's order.

## BACKGROUND

Plaintiffs filed for Chapter 13 bankruptcy in 2001, and their debts were discharged in 2004.  Trans Union was not a party to the bankruptcy case.

Plaintiffs disputed debts that continued to appear on their credit reports, despite their discharged status, and on May 4, 2007 filed a complaint in bankruptcy court against several defendants, including Trans Union.  As against Trans Union, the complaint alleged two claims for relief (the Fifth and Sixth Claim) asserting violations of the Fair Credit Reporting Act ("FCRA").

Defendant Trans Union filed a motion to dismiss.

The bankruptcy court granted the motion and dismissed without prejudice plaintiff's claims against Trans Union for lack of subject matter jurisdiction.

## LEGAL STANDARDS

Whether the bankruptcy court had subject matter jurisdiction over plaintiffs' claims is reviewed de novo. See In re Valdez Fisheries Development Ass'n, Inc., 439 F.3d 545, 547 (9th Cir. 2006).

## DISCUSSION

I.  Bankruptcy Court Jurisdiction

Plaintiffs argue that the bankruptcy court has jurisdiction over their FCRA claims pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs assert that the bankruptcy court is a unit of the district court and, as such, it has equivalent jurisdiction to a district court. Accordingly, plaintiffs assert that the bankruptcy court has jurisdiction to resolve their FCRA claims, which allows an injured party to bring "[a]n action to enforce any liability . . . in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . . ." 15 U.S.C. § 1681p.

Plaintiffs misapprehend the relationship between bankruptcy courts and district courts. It is true a bankruptcy court is a unit of the district court. 28 U.S.C. § 151. As Article I courts, however, bankruptcy courts are courts of even more limited jurisdiction than district courts. In re Valdez Fisheries Development Ass'n, Inc., 439 F.3d at 549. Bankruptcy judges may only

Page 3 - OPINION AND ORDER

exercise the authority conferred under 28 U.S.C. § 157 and 28 U.S.C. § 1334. In re Resorts Intern., Inc., 372 F.3d 154, 161 (3rd Cir. 2004).

Accordingly, the bankruptcy court may hear and decide "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," pursuant to 28 U.S.C. § 157(a).

> Proceedings "arising in" bankruptcy cases are generally referred to as "core" proceedings, and essentially are proceedings that would not exist outside of bankruptcy, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover preferences."

In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting 28 U.S.C. § 157(b)(2)).

Bankruptcy courts may also assert jurisdiction over proceedings "related to" a bankruptcy case, or a "non-core proceeding." To determine if the matter is a "non-core proceeding" over which the bankruptcy court may exercise jurisdiction, the test is whether:

> *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Id. (quoting In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original)).[1] One of these two tests must be met.

---

[1] Indeed, Congress enacted 28 U.S.C. § 157 to ensure the constitutionality of Article I bankruptcy courts. Dunmore v. United States, 358 F.3d 1107, 1114 (9th Cir. 2004). In Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87 (1982), the Supreme Court held that the Bankruptcy Act of 1978 "impermissibly removed most, if not all, of the essential attributes of the judicial power from the Art. III district court, and has vested those attributes in a non-Art. III adjunct." As a result, plaintiffs' broad interpretation of bankruptcy court jurisdiction must be incorrect.

Page 4 - OPINION AND ORDER

There is no question that the FCRA claims do not qualify as a "core" proceeding.

Instead, plaintiffs attempt to characterize the FCRA claims as a "non-core" proceeding.

Plaintiffs rely not on the Fietz test set forth above, but instead on the "close nexus" test set forth in In re Pegasus Gold, arguing that it is applicable if one litigant is the debtor. Plaintiffs misconstrue application of that test. The In re Pegasus Gold court looked to see if there was a "close nexus" between the bankruptcy plan or proceeding and the matter in litigation. The test is whether a matter "affect[s] the interpretation, implementation, consummation, execution, or administration of a confirmed plan" or incorporated litigation trust agreement. 394 F.3d at 1194.

The court described the "close nexus" test as "more limited" than the "somewhat overbroad" test articulated in Fietz, and applied it to determine "post-confirmation bankruptcy court jurisdiction" as opposed to pre-confirmation jurisdiction. Id. Accordingly, contrary to plaintiffs' representation, the applicable analysis depends on the stage of the bankruptcy proceeding, as opposed to the parties involved in the litigation.[2]

Regardless of the test that applies, however, the bankruptcy court correctly concluded it did not have jurisdiction over plaintiffs' FCRA claims against Trans Union. With respect to the non-core test, plaintiffs admitted "there is no effect on the administration of the estate." ER 42 at lines 16-17. Furthermore, the "close nexus" test is narrower than the Feitz test, and requires a demonstration that the matter "affect[s] the interpretation, implementation, consummation, execution, or administration of a confirmed plan" or incorporated trust agreement. In re Pegasus Gold, 394 F.3d at 1194. Plaintiffs suggest that the FCRA claims have a "close nexus" to the

---

[2]See, e.g. Dunmore v. United States, 358 F.3d 1107, 1113 (9th Cir. 2004), which applied the Fietz test to a case involving a debtor.

Page 5 - OPINION AND ORDER

plaintiffs' bankruptcy because the following questions must be answered: "Did plaintiffs discharge the debts they disputed with Trans Union? Were the creditors enjoined from collecting from plaintiffs? What is the effect of the discharge? Did Trans Union's determination that the debts were not discharged violate the discharge order?" Pls.' Opening Br. at 10-11. These are not the kinds of questions that rely on an "interpretation, implementation, consummation, execution, or administration" of the Chapter 13 plan. There is no settlement agreement or trust agreement requiring interpretation by the bankruptcy court, and the bankruptcy estate is not affected. Accordingly, the narrow "close nexus" test is not met.

In sum, the bankruptcy court properly concluded that it lacked subject matter jurisdiction over plaintiffs' FCRA claims against Trans Union.

II.     Declaratory Relief

Plaintiffs assert in three sentences that the bankruptcy court has jurisdiction to award declaratory relief. First, the complaint does not request declaratory relief against Trans Union. Second, while 28 U.S.C. § 2201 permits any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration," the statute simply presents a possible remedy and does not create an independent basis for federal subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

III.    Trans Union's Contempt of Court

Plaintiffs argue Trans Union was in contempt of the bankruptcy court's order when it failed to correct plaintiffs' credit reports. Again, the complaint does not allege a claim against Trans Union for civil contempt. Trans Union brought this fact to plaintiffs' attention in its Motion to Dismiss filed with the bankruptcy court. ER 34 ("Trans Union is only mentioned

Page 6 - OPINION AND ORDER

within Plaintiffs' Fifth and Sixth Claims for Relief"). Plaintiffs give no authority for their request in their Reply Brief that I reverse so that they can allege contempt against Trans Union, a request they never made of the bankruptcy court. I decline to address any contempt claim plaintiffs may have against Trans Union. In re Lowenschuss, 171 F.3d 673, 682 n.11 (9th Cir. 1999) (appellate court declined to address argument when debtor failed to demonstrate exceptional circumstances for failing to raise argument before bankruptcy court).

## CONCLUSION

Based on the foregoing, I AFFIRM the bankruptcy court's Order Granting Motion to Dismiss of Defendant Trans Union LLC.

IT IS SO ORDERED.

Dated this     16th     day of September, 2008.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge